UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

**ASBESTOS WORKERS LOCAL 34 HEALTH AND WELFARE FUND and ASBESTOS WORKERS LOCAL 34 PENSION FUND, TRUSTS**

Civil No. 00-CV-2629 JRT/FLN

Plaintiffs,

vs.

**FINDINGS OF FACT CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT**

**TROY GARNESS, SCOTT FITZGERALD, and KATHY FITZGERALD d/b/a FREEZE-RITE INSULTATION, and RICHARD FITZGERALD, individually,**

Defendants.

---

This matter was heard before the undersigned on the 6th day of June, 2001. Jacqueline M. Beaulieu of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## FINDINGS OF FACT

1. Plaintiffs filed a Summons and Complaint in this matter on December 4, 2000.

2. Defendant Richard Fitzgerald was served with a Summons and Complaint in this matter on December 12, 2000.

3. Defendant has failed to file and serve an Answer to the Summons and Complaint.

FILED JUN 06 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

4. Defendants Troy Garness, Scott Fitzgerald and Kathy Fitzgerald are no longer associated with Freeze-Rite Insulation and were not served with a summons and complaint in this matter.

5. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, pension and health and welfare benefits to employees doing heat and frost insulation and asbestos work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements.

6. Defendant accepted and agreed to be bound by certain a Collective Bargaining Agreement (Bargaining Agreement) with the International Association of Heat and Frost Insulators and Asbestos Workers Local No. 34 of Minneapolis and St. Paul, Minnesota. The Bargaining Agreement obligates Defendant, as an employer, to compute the contribution for each employee and pay those contributions to the Funds' agent on or before the 15th day of the month following the month for which the contribution is being made.

7. Plaintiffs are entitled under the terms of the Trust Agreements under which Plaintiff Funds are established to audit Defendant's payroll records to determine its compliance with the reporting and contributions requirements.

8. The Plaintiffs requested that Defendant submit records for the period of June, 1999 through the present. Defendant has failed and refused to produce such documents.

**CONCLUSIONS OF LAW**

a. Defendant is in default, and Plaintiffs are entitled to Default Judgment.

b. Defendant must produce all records as requested by Plaintiffs to allow Plaintiffs to complete an audit of its records for the period of June, 1999 through the present.

**ORDER**

**IT IS ORDERED**:

1. That Plaintiffs' motion for default judgment is granted.

2. That Defendant shall produce for inspection and audit the following business records for the period June, 1999 through the present:

a. All payroll registers;

b All time cards;

c. All of Defendant's check registers and sequential canceled checks from all of Defendant's accounts;

d. All documents evidencing payment from Defendant to all other individuals, including any claimed subcontractors. Such documents should include all subcontractor agreements or other similar documents, and certificates of insurance from any subcontractors; and

e. All tax records and Minnesota Unemployment Compensation filings for 1998.

3. Defendant is further ordered to produce for inspection such additional records as are deemed necessary to the performance of such audit by representatives of the Plaintiffs.

4. Production and inspection shall occur within ten (10) days of entry of this order at the premises of Wilson-McShane Corporation, 2850 Metro Drive, Suite 404, Bloomington, MN, 55425.

5. The only issues remaining to be determined in this action are the amount of Plaintiffs' damages and Plaintiffs' claim for attorney's fees and costs.

6. That the amount of Plaintiffs' damages and Plaintiffs' claim for attorney's fees and costs shall be determined by the Court upon affidavit of Plaintiffs' counsel.

Dated: June 6, 2001

John R. Tunheim
United States District Judge