**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

ASBESTOS WORKERS LOCAL 34 HEALTH AND WELFARE FUND and ASBESTOS WORKERS LOCAL 34 PENSION FUND, TRUSTS,

Plaintiffs

v.

TROY GARNESS, SCOTT FITZGERALD, and KATHY FITZGERALD, d/b/a Freeze-Rite Insulation; and RICHARD FITZGERALD, individually,

Defendants.

Civil File No. 00-2629 (JRT/FLN)

**ORDER**

---

Scott B. Crossman, McGRANN SHEA ANDERSON CARNIVAL STAUGHN & LAMB, CHARTERED, U.S. Bancorp Center, 800 Nicollet Mall, Suite 2600, Minneapolis, MN 55402-7035, for plaintiffs.

There was no appearance on behalf of defendant Freeze-Rite Insulation.

Richard Fitzgerald, 16680 231st Avenue, Big Lake, MN 55309, appeared individually.

This matter was heard on the 6th day of September 2002 on plaintiffs' motion for money judgment for attorneys fees and costs. Plaintiffs, who are administrators of joint fringe benefit trust funds, brought this action under the Employee Retirement Income Security Act ("E.R.I.S.A.") seeking to enforce a collective bargaining agreement. The

FILED SEP 23 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ______
DEPUTY CLERK ______

bargaining agreement provided that employers were to make contributions to trust funds; the funds are maintained to provide benefits to employees in certain construction trades. Defendant Richard Fitzgerald, d/b/a Freeze-Rite Insulation, agreed to the Collective Bargaining Agreement.

Plaintiffs filed a Summons and Complaint on December 1, 2000 alleging that defendants failed to make required contributions to the trust fund. Defendant Richard Fitzgerald, d/b/a Freeze-Rite Insulation, was personally served with the Summons and Complaint on December 12, 2000. Service was not made on defendants Troy Garness, Scott Fitzgerald, or Kathy Fitzgerald.

Defendant Richard Fitzgerald failed to file and serve a response or Answer to the Summons and Complaint, and default judgment was entered against him on June 6, 2001. A subsequent audit of defendant's business records reflected past due contributions and liquidated damages of $3,524.24. Although plaintiffs have collected $3,524.24 in fringe benefit contributions, they have not collected fees or costs. The Employee Retirement Income Security Act provides that plaintiffs are entitled to reasonable attorney fees and costs. E.R.I.S.A. § 502(g)(2)(D), 29 U.S.C. § 1132.

Plaintiffs requested $2,095.00 in attorney's fees and $573.24 in costs. Fitzgerald did not object to the award of fees and costs, and he did not object to the specific amount requested. The Court concludes that plaintiffs' requested rates and fees are reasonable. Although the amount expended on fees and costs approaches the amount collected in unpaid contributions, the Court finds that the requested fees and costs reflect the amount of time plaintiffs' attorneys spent on this matter.

Defendant Richard Fitzgerald has now appeared in this case and questions the audit conducted of his records and those of Freeze-Rite Insulation. Although fringe benefit contributions in the amount of $3,524.24 have already been collected, the Court orders plaintiffs to provide its audit records to Fitzgerald so that he may better understand how the audit was conducted.

## ORDER

Based on the oral argument, affidavits and papers submitted by plaintiffs, and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' motion for money judgment [Docket No. 14] is **GRANTED**. Defendant Richard Fitzgerald shall pay the amount of $2,668.24 to plaintiffs' attorneys for reasonable fees and costs.

2. Plaintiffs' Motion to Show Cause as to Why Money Judgment Should Not be Entered [Docket No. 11] is **DISMISSED as moot**.

DATED: September 23, 2002
at Minneapolis, Minnesota.

John R. Tunheim
JOHN R. TUNHEIM
United States District Judge